# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF WISCONSIN

---

**ANTONIO L. CLIFTON, JR.,**

     **Plaintiff,**

**v.**                                           **Case No. 18-cv-1207**

**RYAN E. MCDONOUGH,**
**in his individual capacity,**

     **Defendant.**

---

## COMPLAINT

---

     **NOW COMES** the Plaintiff, Antonio L. Clifton, Jr., by his attorney, Amy F. Scarr, and as and for a cause of action against the above-named defendant, alleges and shows the court as follows:

### Nature of the Case

1.     This is a civil action, pursuant to 42 U.S.C. sec. 1983, for redress of the deprivation, under color of state law, of Antonio L. Clifton, Jr.'s rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### Jurisdiction and Venue

2.     This court has jurisdiction under 28 U.S.C. secs. 1331 and 1343(a)(3).

3.     Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. 1391(b).

## Parties

4.     Plaintiff Antonio L. Clifton, Jr. ("Clifton") is a resident of the State of Wisconsin residing at 6745 14th Ave., Kenosha, Wisconsin.

5.     Upon information and belief, Defendant Ryan E. McDonough ("McDonough") is an adult resident of the State of Wisconsin.  At all times relevant to this Complaint, Defendant McDonough was a City of Kenosha police officer and was acting within the scope of his authority and employment as a City of Kenosha police officer.  He is being sued in his individual capacity.

## General Allegations

6.     On March 26, 2018 at about 11:45 p.m., Antonio L. Clifton, Jr. and his girlfriend, Sheryl O'Bannon, left Mr. Clifton's sister's house, located at 6334 24th Ave., Kenosha, Wisconsin, and walked to Mr. Clifton's mother's house, located at 6321 25th Ave., Kenosha, Wisconsin.

7.     While Mr. Clifton and Ms. O'Bannon were walking, Mr. Clifton received a call on his cell phone. The caller told Mr. Clifton that someone Mr. Clifton knew had been shot and killed in Chicago.

8.     While Mr. Clifton was talking on his cell phone, upon information and belief, Kenosha Police Officer Daniel Stone was driving in his squad car and saw Mr. Clifton walking. Upon information and belief, Officer Stone got out of his squad car, walked behind Mr. Clifton, and attempted to talk to him.

9.     Mr. Clifton did not respond to Officer Stone. Mr. Clifton did not know that Officer Stone was behind him or that Officer Stone was attempting to talk to him.

2

10.     At the same time, Defendant McDonough and Kenosha Police Officer Anthony Barriere were riding in a police squad car and saw Officer Stone attempt to talk to Mr. Clifton.

11.     Defendant McDonough and Officer Barriere stopped in the 6300 block of 25th Ave. Officer Stone told Defendant McDonough that he did not have probable cause to stop Mr. Clifton. Officer Barriere overheard Officer Stone say that he did not have probable cause to stop Mr. Clifton.

12.     Upon information and belief, as Mr. Clifton continued walking, Defendant McDonough began to follow him. Mr. Clifton did not know that Defendant McDonough was following him. As Mr. Clifton entered the porch of his mother's residence, Defendant McDonough grabbed him from behind. Mr. Clifton was startled and thought he was being attacked and feared for his life.

13.     Defendant McDonough pushed Mr. Clifton against the inside of the porch and arrested him. Defendant McDonough tased Mr. Clifton in his right leg. Officers Stone and Barriere assisted Defendant McDonough in arresting Mr. Clifton. Officer Stone put handcuffs on Mr. Clifton.

14.     Mr. Clifton told the police officers that he had a pocket knife in his pocket. At no time did Mr. Clifton use the pocket knife against the officers or threaten the officers with the knife.

15.     Officers Stone and Barriere assisted Defendant McDonough in taking Mr. Clifton to the Kenosha County Jail.

16.     Mr. Clifton was charged with misdemeanor disorderly conduct, resisting an officer, and carrying a concealed weapon.

17.     Mr. Clifton was held in the Kenosha County Jail for the night and released on March 27, 2018.

18.     All of the charges against Mr. Clifton were dropped.

19.     Defendant McDonough did not have a warrant to arrest Mr. Clifton.

20.     At no time did Mr. Clifton resist any of the police officers while they were doing an act with lawful authority.

21.     At no time was Mr. Clifton actively resisting arrest.

22.     At no time did Mr. Clifton attempt to evade arrest by fleeing.

23.     At no time did Mr. Clifton pose an immediate threat to the safety of Defendant McDonough, the other police officers, or anyone else.

24.     At all times material to this Complaint, Defendant McDonough acted under color of state law.

### CLAIM 1:  EXCESSIVE FORCE—Violation of the Fourth and Fourteenth Amendments to the United States Constitution

25.     Mr. Clifton realleges paragraphs 1 through 24 and incorporates them by reference as if specifically set forth in full herein.

26.     In light of the facts and circumstances confronting Defendant McDonough during the March 26, 2018 incident described above, Defendant McDonough's use of force against Mr. Clifton, referred to in paragraph 12 above, was not objectively reasonable under the Fourth Amendment to the United States Constitution.

4

27.     Defendant McDonough's use of force against Mr. Clifton constituted unreasonable and excessive force and violated Mr. Clifton's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

28.     Defendant McDonough's unreasonable and excessive force used against Mr. Clifton caused Mr. Clifton to sustain injuries and losses, which continue, including but not limited to physical pain and suffering, mental pain and suffering, humiliation, emotional distress, loss of dignity, loss of enjoyment of life, and medical expenses.

29.     In using unreasonable and excessive force against Mr. Clifton, Defendant McDonough acted with malice or in reckless disregard of Mr. Clifton's federally protected rights.

**COUNT 2:  FALSE ARREST--Violation of the Fourth and Fourteenth Amendments to the United States Constitution**

30.     Mr. Clifton realleges paragraphs 1 through 29 and incorporates them by reference as if specifically set forth in full herein.

31.     In light of the facts and circumstances confronting Defendant McDonough at the moment he arrested Mr. Clifton, Defendant McDonough's arrest of Mr. Clifton was not objectively reasonable under the Fourth Amendment to the United States Constitution and, therefore, lacked probable cause.

32.     Defendant McDonough's arrest of Mr. Clifton without probable cause was unlawful, constituted a false arrest, and violated Mr. Clifton's right to be free from

unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Defendant McDonough's false arrest of Mr. Clifton caused Mr. Clifton to sustain injuries and losses, which continue, including but not limited to mental pain and suffering, humiliation, emotional distress, loss of liberty, loss of dignity, and loss of enjoyment of life.

34.     In arresting Mr. Clifton without probable cause, Defendant McDonough acted with malice or in reckless disregard of Mr. Clifton's federally protected rights.

**WHEREFORE,** Mr. Clifton demands judgment against Defendant McDonough as follows:

   a.   declaring that Defendant McDonough violated Mr. Clifton's constitutional rights by using excessive force against him and by falsely arresting him;

   b.   for compensatory damages in an amount to be proved at trial;

   c.   for punitive damages in an amount to be proved at trial;

   d.   for attorney's fees and costs incurred in bringing this action, pursuant 42 U.S.C. sec. 1988(b); and

   e.   for such other relief as the Court may deem just and equitable.

Dated this 5th day of August, 2018.

**A TWELVE-PERSON JURY IS HEREBY DEMANDED.**

s/Amy F. Scarr
Amy F. Scarr, State Bar No. 1016179
Attorney for Plaintiff Antonio L. Clifton, Jr.
Amy F. Scarr, S.C.
23 N. Pinckney St., Suite 310
Madison, Wisconsin 53703
Telephone: (608) 255-6610
Fax: (608) 255-6710
Email: attorneyamyscarr@gmail.com